IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DAVID GARCIA,
 DC # E16057
 Plaintiff,

vs.              CASE NO. 1:09-cv-00134-MP-AK

OFFICER GIVENS, et al.,

 Defendants.
_____/

## ORDER

This matter is before the Court pursuant to Defendants' Motion to Dismiss the First Amended Complaint. (Doc. 32), to which the Plaintiff responded, Doc. 42. The Defendants filed a reply to that response, Doc. 43.

## BACKGROUND

This case arises out of Plaintiff David Garcia's ("Plaintiff") allegations of abuse by prison officials. (Doc. 29, p.2, First Am. Compl.). Plaintiff is an inmate at the Columbia Correctional Institute in Columbia County, Florida. (Doc. 29, p.1). Plaintiff alleges 21 causes of action, claiming all of the Defendants – Assistant Warden Anderson, Officer Derringer, Sergeant Ford, Officer Givens, Officer Hillhouse, Captain Roundtree, and Warden Singer – are liable in both their official and individual capacities for violation of 42 U.S.C. § 1983 and assault and battery. (Doc. 29).

**DISCUSSION**

Defendants make four arguments. Defendants argue the First Amended Complaint ("the Complaint") should be dismissed in its entirety because: (1) Plaintiff failed to exhaust his administrative remedies; and (2) "[t]he complaint fails to allege factual circumstances which show that Defendants" violated Plaintiff's constitutional rights; (3) to the extent Defendants are sued for supervisory liability under § 1983, Plaintiff failed to sufficiently allege a causal connection between the Defendants acting in supervisory capacities and the alleged constitutional deprivations; and (4) to the extent Defendants are sued in their official capacities, Defendants are shielded by Eleventh Amendment immunity. (Doc. 32, p.1).[1]

First, the Court will address Defendants' argument that Plaintiff has failed to exhaust his administrative remedies. (Doc. 32, p.3). Federal law mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Defendants concede that Plaintiff followed a proper administrative procedure in filing a direct grievance with the Central Office Bureau of Grievance Appeals. (Doc. 32, p.3). However, Defendants essentially claim that the grievance was not specific enough to satisfy the purposes underlying the exhaustion requirement. Defendants point out that the grievance did not include all the information Plaintiff later alleged in the Complaint, such as allegations that prison staff threatened Plaintiff's fiancee. (Doc. 32, p.

---

[1] In footnote 2 of Defendants' Motion to Dismiss the First Amended Complaint (Doc. 32), Defendants incorporate arguments regarding Eleventh Amendment immunity and respondeat superior liability made in their previous motion to dismiss the original complaint. (Doc. 25).

4).The grievance also did not mention most of the Defendants. (Doc. 32, p. 4).

The Supreme Court has held that an administrative grievance need not name all individuals later sued to satisfy the administrative exhaustion requirement. *Jones v. Bock*, 549 U.S. 199, 219 (2007). The purposes underlying the exhaustion requirement are essentially to put the agency on notice of future allegations so that the agency may investigate and rectify any wrongdoing, as well as to impede plaintiffs from undermining the effectiveness of administrative processes through judicial circumvention and to help prevent the clogging of court dockets. *Alexander v. Hawk*, 159 F.3d 1321, 1327 (11th Cir. 1998). Here, although Plaintiff's grievance does not include all the information later included in the Complaint, the grievance was sufficient to "put the prison on notice of the basic facts and circumstances involved in the instant suit." *Williams v. Canty*, No. 5:05-cv-310 (CAR), 2008 U.S. Dist. West 821863, at *11 (M.D. Ga. March 25, 2008). The grievance alleges that Garcia was pushed against a wall and threatened with discipline reports and death in retaliation for reporting alleged mistreatment of another inmate. (Doc. 25-1). Though Plaintiff's Complaint alleges some additional information, the grievance notified the Department of Corrections of the basic alleged facts and circumstances underlying Plaintiff's claims of abuse and retaliation. Thus, the Court finds that Plaintiff has exhausted his administrative remedies.

The rest of Defendants' arguments fair better than the exhaustion of administrative remedies argument. The Court agrees that the Complaint does not satisfy the heightened pleading standard required in civil rights cases. *Dalrymple v. Reno*, 334 F.3d 991, 996 (11th Cir.

2003) ("'[U]nsupported conclusions of law or of mixed fact and law have long been recognized not to prevent a Rule 12(b)(6) dismissal.'") (quoting *Marsh v. Butler County*, 268 F.3d 1014, 1036 n. 16 (11th Cir.2001)). Here, Defendants are lumped together in the Complaint's Facts section, which is the only section that attempts to describe what specific alleged actions constitute the basis of Plaintiff's claims. (Doc. 29, p.2).

Although the rest of the Complaint separates the Defendants out into individual sections by name, the elements of the causes of action are broadly stated over and over again in each Defendant's section, often reincorporating prior sections by reference in addition to redundantly alleging liability against all the Defendants. The Complaint appears as though Plaintiff copied and pasted the text over and over again, substituting the corresponding Defendant's name in each section. (Doc. 29). Plaintiff does not provide the Complaint's reader with context or even any idea of which Defendant is alleged to have taken what action. "Plaintiff makes no effort to match specific defendants and specific facts with each cause of action." *Schowalter v. Ridge*, No. 1:08-CV-0264-JOF, 2009 U.S. Dist. West 812279 , at *6 (N.D. Ga. March 27, 2009).

Nevertheless, the Court will not dismiss the Complaint for failing to meet the heightened pleading standard, but instead orders Plaintiff to amend his Complaint to include more detail. "The purpose of the heightened pleading standard is for the plaintiff to provide facts with 'sufficient detail for Defendants to understand what alleged rights were violated . . . .'" *Harper v. Lawrence County*, 592 F.3d 1227, 1233 (11th Cir. 2010) (quoting *Amnesty Int'l, USA v. Battle*, 559 F.3d 1170, 1180 (11th Cir.2009)). In amending his Complaint, Plaintiff should include

enough context and detail about each Defendant's alleged actions to notify each Defendant of the alleged facts from which Plaintiff's claims arise. *Sada v. City of Altamonte Springs,* No. 6:08-cv-1368-Orl-19GJK, 2008 U.S. Dist. West 5110799, at *9 (M.D. Fla. Nov. 25, 2008) ("Sada must allege specific facts, within the parameters of Federal Rule of Civil Procedure 11, that explain exactly *how* each defendant violated Sada's clearly established constitutional rights.") (emphasis added).

Regarding supervisory liability for the § 1983 claims, the Court again agrees with Defendants that the Complaint does not sufficiently allege how each Defendant specifically acted in a supervisory capacity to violate Plaintiff's rights. "Supervisor[y] liability [under § 1983] occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional deprivation". *Braddy v. Florida Dep't of Labor and Emp't*, 133 F.3d 797, 802 (11th Cir. 1998).

> A causal connection may be established when: 1) a "history of widespread abuse" puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he or she fails to do so; 2) a supervisor's custom or policy results in deliberate indifference to constitutional rights; or 3) facts support an inference that the supervisor directed subordinates to act unlawfully or knew that subordinates would act unlawfully and failed to stop them from doing so.

*Valdes v. Crosby*, 450 F.3d 1231, 1237 (11th Cir. 2006) (quoting *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003)). Without providing much factual detail, Plaintiff broadly alleges that every Defendant "created and allowed a custom or practice whereby" all the Defendants violated

prisoners' constitutional rights, and that every Defendant "knew of the repeated constitutional violations" by staff members. (Doc. 29).

Thus, the Court directs Plaintiff to amend his Complaint to allege with greater factual detail why each Defendant is charged with supervisory liability under § 1983. For example, did an official with senior status ignore prisoner cries or complaints about beatings, thus creating a policy of indifference to the beating of prisoners? Did another supervisory official directly participate in throwing Plaintiff against a wall? To avoid dismissal of supervisory liability allegations, Plaintiff must amend his Complaint and allege sufficient facts showing supervisory liability for each Defendant who Plaintiff believes in good faith is accountable as a supervisor.

Lastly, the Court will address the argument that "Eleventh Amendment immunity bars any claims for damages against Defendants in their official capacities." (Doc 32, p.1; Doc. 25, p.5-6). The Eleventh Amendment bars suits for damages that "must be paid from public funds in the state treasury[,]" such as by a state department. *Edelman v. Jordan,* 415 U.S. 651, 663 (1974). State employees "sued in their official capacities are legally the same entities as the offices they represent[.]" *Nicarry v. Cannaday*, No. 6:03-CV-87-ORL-28DAB, 2006 U.S. Dist. West 3931449, at *2 (M.D. Fla. Dec. 7, 2006); *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003). Eleventh Amendment immunity is not an affirmative defense, but "a condition precedent[,]" akin to a jurisdictional bar, "which must be established and satisfied before this court can hear this claim." *Nicarry,* at *4.

The exceptions to Eleventh Amendment immunity are "(1) where a state has expressly

waived its immunity; (2) where Congress has abrogated the immunity pursuant to § 5 of the Fourteenth Amendment; and (3) where prospective injunctive relief is sought ...." *Id.* at *3. Plaintiff does not seek injunctive relief.(Doc. 29). Florida has not waived and Congress has not abrogated Eleventh Amendment immunity in § 1983 cases. *Nicarry*, at *3; *Gamble v. Florida Dep't of Health and Rehab. Serv.*, 779 F.2d 1509, 1512 (11th Cir. 1986); *Purcell v. Toombs County*, 400 F.3d 1313, 1325 (11th Cir. 2005). Further, Florida has not waived its immunity from tort suits, such as for assault and battery, in federal court. *Coulson v. City of Hialeah,* No. 09-CV-22911, 2010 U.S. Dist. West 326053, at *4-5 (S.D. Fla. Jan. 21, 2010); Fla. Stat. § 768.28(18). Thus, none of the exceptions to Eleventh Amendment immunity apply in this case. The Court also finds that Plaintiff allegation that each Defendant "created and allowed a custom or practice" whereby all the Defendants violated prisoners' Eighth Amendment rights (Doc. 29) is not helpful to him. The Eleventh Amendment has been held not to immunize *municipalities* from § 1983 liability for customs or policies that deliberately ignore or violate a Plaintiff's constitutional rights. *Monell v. Dep't of Social Serv.*, 436 U.S. 658, 690-91 (1978); *McDowell v. Brown*, 392 F.3d 1283, 1289 (11th Cir. 2004). However, this exception to Eleventh Amendment immunity applies only to municipalities and does not apply to states or state employees. "States are protected by the Eleventh Amendment, while municipalities are not." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70-71 (1989) (stating *Monell* applies only to municipalities). To the

extent Defendants are sued in their official capacities, suit is barred by Eleventh Amendment immunity.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The Defendants' Motion to Dismiss (Doc. 32) is GRANTED to the extent Defendants are sued in their official capacities, and DENIED with respect to the remaining allegations. Plaintiff is ordered to amend his Complaint to meet the heightened pleading standard as discussed above.

Since the plaintiff will be required to amend his complaint, the consent motion to extend time, Doc. 57, is denied as moot. The parties shall confer within 30 days of the filing of the Second Amended Complaint to complete an updated Joint Report under Fed. R. Civ. P. 26(f) concerning the deadlines that are still applicable to this case.

**DONE AND ORDERED** this 15th of February, 2011.

*s/Maurice M. Paul*

Maurice M. Paul, Senior District Judge